**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

**Michelle Willette**

  **v.**                                          Civil No. 14-cv-238-PB
                                                  Opinion No. 2014 DNH 196
**Federal Home Loan**
**Mortgage Corporation**


**MEMORANDUM AND ORDER**

Michelle Willette has filed a petition to declare the
foreclosure deed to her home in Pembroke, New Hampshire invalid
and to enjoin the Federal Home Loan Mortgage Corporation
("Freddie Mac") from evicting her.  Freddie Mac has filed a
motion to dismiss for failure to state a claim.


**I.   FACTS**

Willette's property in Pembroke, New Hampshire was subject
to a mortgage held by the original lender, Washington Mutual
Bank, FA.  On September 28, 2008, the United States Office of
Thrift Supervision seized Washington Mutual Bank and facilitated
the sale of its assets — including Willette's mortgage — to
JPMorgan Chase.

On July 11, 2012, Chase's attorney sent a letter to
Willette telling her that "foreclosure has commenced."  On July
24, 2012, Chase sent Willette a letter regarding mortgage

modification and requested an "updated profit and loss statement" from Willette.  Two days later, however, it sent Willette a second letter stating that she was not eligible for a mortgage modification.  Nevertheless, in October 2012, Willette wrote Chase and its attorney requesting a halt to foreclosure proceedings and seeking unspecified information regarding a possible mortgage modification.  She did not receive a response.

Freddie Mac alleges that it acquired Willette's mortgage at some point after she requested a mortgage modification from Chase.[1]  On January 4, 2013, Freddie Mac's attorney sent a notice to Willette informing her that a foreclosure sale would take place on February 4, 2013.  The letter also informed Willette that she had the right to petition the superior court to enjoin the scheduled foreclosure sale.  Freddie Mac's attorney caused the same notice to be published in the Concord Monitor, a newspaper of general circulation in the town of Pembroke, New Hampshire.

At the foreclosure sale on February 4, 2013, Freddie Mac purchased the property for $270,000.  It recorded the

---

[1] In her complaint, Willette states that "Freddie Mac alleges to have acquired the subject mortgage on January 25, 2007."  Doc. No. 1-1.  In its memorandum in support of its motion to dismiss, Freddie Mac states that it acquired Willette's mortgage on November 28, 2012.  Doc. No. 3-1.  Freddie Mac also attached a copy of the assignment from Chase to Freddie Mac, dated November 28, 2012.  Doc. No. 3-4.

foreclosure deed on March 19, 2013.  On June 26, 2013, Freddie
Mac filed a Landlord and Tenant Writ in circuit court to evict
Willette.

In April 2014, Willette filed a plea of title in Merrimack
County Superior Court seeking to declare the foreclosure deed
invalid and to enjoin "any further possessory action" against
her.  Freddie Mac removed the action to this Court and filed a
motion to dismiss for failure to state a claim.

## II.   STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion, a plaintiff must make
factual allegations sufficient to "state a claim to relief that
is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678
(2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570
(2007)).  A claim is facially plausible when it pleads "factual
content that allows the court to draw the reasonable inference
that the defendant is liable for the misconduct alleged.  The
plausibility standard is not akin to a 'probability
requirement,' but it asks for more than a sheer possibility that
a defendant has acted unlawfully." Id. (citations omitted).

In deciding a motion to dismiss, I must "accept as true the
well-pleaded factual allegations of the complaint, draw all
reasonable inferences therefrom in the plaintiff's favor and

determine whether the complaint, so read, sets forth facts sufficient to justify recovery on any cognizable theory." Martin v. Applied Cellular Tech., Inc., 284 F.3d 1, 6 (1st Cir. 2002).  In addition to the facts set forth in the complaint, I consider "documents incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice."  Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011) (citing In re Colonial Mortg. Bankers Corp., 324 F.3d 12, 15 (1st Cir. 2003)).

### III. <u>ANALYSIS</u>

Willette challenges the validity of Freddie Mac's foreclosure deed by claiming that it lacked the power to foreclose the mortgage it allegedly acquired from Chase.  She argues that Freddie Mac "alleges to have acquired the subject mortgage on January 25, 2007," but public information about the chain of title indicates that other entities held the mortgage after that date.  Doc. No. 1-1, at 2.  Therefore, Willette argues that Freddie Mac's "standing to foreclose derived from a broken chain of title."  Doc. No. 5, at 2.

Freddie Mac argues in response that Section 479:25, II of the New Hampshire Revised Statutes bars Willette's claim. Section 479:25, II places demands on both the foreclosing and

4

foreclosed parties.  Before foreclosing, the mortgagee (or his
or her assignee) must notify the mortgagor that he or she has "a
right to petition the superior court in the county in which the
premises are situated . . . to enjoin the foreclosure sale."
N.H. Rev. Stat. Ann. § 479:25, II.  Section 479:25, II also
places restrictions on the mortgagor's ability to challenge the
foreclosure: "Failure to institute such petition and complete
service upon the foreclosing party, or his agent, conducting the
sale prior to sale shall thereafter bar any action or right of
action of the mortgagor based on the validity of the
foreclosure."  Id.

The New Hampshire Supreme Court construes § 479:25, II to
bar a mortgagor from challenging the validity of a foreclosure
sale after it has occurred based on facts that the mortgagor
knew or should have known prior to the foreclosure sale.  See
Murphy v. Fin. Dev. Corp., 495 A.2d 1245, 1249 (N.H. 1985) ("The
only reasonable construction of the language in RSA 479:25, II
. . . is that it bars any action based on facts which the
mortgagor knew or should have known soon enough to reasonably
permit the filing of a petition prior to the sale.").  This
Court has also applied § 479:25, II to bar post-foreclosure
claims based on facts that a mortgagor knew or should have known
before the foreclosure sale.  See Magoon v. Fed. Nat'l Mortg.

5

Ass'n, No. 13-cv-250, 2013 WL 4026894, at *1-2 (D.N.H. Aug. 6, 2013); Calef v. Citibank, N.A., No. 11-cv-526, 2013 WL 653951, at *4 (D.N.H. Feb. 21, 2013) (holding that a mortgagor was barred from raising claims relating to the validity of an assignment because he "'knew or should have known' the facts related to that assignment 'soon enough to reasonably permit the filing of a petition prior to the sale.'").

Willette's complaint is based primarily on facts that "are a matter of public record," and therefore she either knew or should have known them prior to the foreclosure sale. See Doc. No. 1-1, at 2. Willette has not argued otherwise. Furthermore, Freddie Mac's attorney sent Willette notice of the foreclosure sale a month before it occurred, which allowed her sufficient time to petition to enjoin the sale. As a result, § 479:25, II bars Willette's claim.

In an effort to overcome the § 479:25, II time bar, Willette argues that her claim should be governed by § 479, II-a instead. Section 479:25, II-a provides: "No claim challenging the form of notice, manner of giving notice, or the conduct of the foreclosure sale shall be brought by the mortgagor or any record lienholder after one year and one day from the date of the recording of the foreclosure deed for such sale." N.H. Rev. Stat. § 479:25, II-a. Thus, unlike claims that a mortgagor knew

or should have known prior to the foreclosure sale, claims challenging "the conduct of the foreclosure sale" may be brought up to one year and one day after the foreclosure sale.  See id. Such claims could not be brought before the foreclosure sale because they necessarily arise during the foreclosure sale itself.  See Murphy, 495 A.2d at 1249.

Willette argues that her claims arise under § 479:25, II-a and therefore may be brought up to a year and a day after the recording of the foreclosure deed.  Specifically, she asserts that Freddie Mac recorded a fraudulent foreclosure deed which should be considered part of the "conduct of the foreclosure sale."[2]  See Doc. No. 5.  She argues that the foreclosure deed is invalid because Freddie Mac's authority to foreclose "derived from a broken chain of title."  See id. at 2.  This is essentially an argument about the validity of Freddie Mac's title to Willette's mortgage framed in terms relating to the foreclosure deed.

Even assuming that the recording of a fraudulent foreclosure deed is part of the "conduct of the foreclosure sale," Willette's argument fails because it is based on the

---

[2] Willette claims in conclusory terms that Freddie Mac acted fraudulently, but she does not allege facts sufficient to support a claim of fraud.  See Fed. R. Civ. P. 9(b) (allegations of fraud must be pled with particularity).

mistaken premise that a claim based on foreclosure sale conduct can be brought up to a year and a day after the foreclosure deed is recorded regardless of § 479:25, II.  That is not the case. Paragraph II establishes a bar to challenges knowable before the foreclosure sale; Paragraph II-a sets a deadline for claims that are not barred by Paragraph II.  Paragraph II-a does not save a claim that is otherwise barred by Paragraph II.  If it did, Paragraph II would effectively be eviscerated.

## IV.  CONCLUSION

Willette knew or should have known of the facts underlying her challenges to the foreclosure sale before the sale occurred. Because she did not present those claims in a petition to enjoin the foreclosure sale, her claims are barred by § 479:25, II. Defendant's motion to dismiss (Doc. No. 3) is granted.  The clerk shall enter judgment accordingly and close the case.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

September 18, 2014

cc:  Stephen W. Wight, Esq.
     Nathan Reed Fennessy, Esq.